UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC WOODTECH CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL SEMSAK, an individual,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR THEFT OF TRADE SECRETS, BREACHES OF DUTIES OF LOYALTY/CONFIDENTIALITY, AND REPLEVIN**<br><br>**JURY DEMAND** |

Defendant Daniel Semsak ("Semsak" or "Defendant") is a former executive and management employee of Plaintiff Pacific Woodtech Corporation ("PWT"), who resigned from PWT and days later went to work for PWT's primary direct competitor. When Semsak announced his intentions, PWT's Chief Executive Officer ("CEO") reminded Semsak of his obligations to not misappropriate or misuse any PWT trade secrets or confidential information. Semsak then falsely assured PWT's CEO that he would not engage in such misconduct.

A few days later, PWT was informed at a trade show by a former and still-targeted customer's representative that Semsak, while working at that same trade show for PWT's competitor, had shared confidential PWT pricing strategies involving PWT customers in an attempt to gain a competitive edge for his new employer. PWT promptly delivered a cease and

COMPLAINT - 1
No.

desist letter to Semsak demanding that he immediately and permanently halt his misconduct, and also demanding that he return all PWT trade secrets and confidential materials that he possessed.

In response to PWT's cease and desist letter, Semsak sent a letter to PWT in which he stated he had not engaged in misconduct and he provided a flash drive of almost entirely non-sensitive information that Semsak misrepresented contained all of the PWT information he had taken except for some human resources-related documents. But Semsak had lied again.

PWT retained a computer-forensics firm and discovered that Semsak spent his last two weeks as a PWT employee downloading PWT's most sensitive and trade secret information onto multiple flash drives. None of this data was included on the one flash drive Semsak delivered to PWT with his response letter. In other words, Semsak, again under false pretenses, had both stolen and retained confidential and trade secret PWT information, and lied to cover it up.

Given Defendant's misconduct and repeated attempts to cover up his theft of PWT's trade secrets by lying about it, PWT seeks, *inter alia*, injunctive relief and otherwise alleges as follows:

## PARTIES

1. Plaintiff Pacific Woodtech Corporation ("PWT") is a Washington State corporation with its principal place of business located at 1850 Park Lane, Burlington, Washington 98233, and is a leading manufacturer of engineered wood products, specifically LVL and I-Joists, which it sells in interstate commerce throughout the United States and internationally.

2. Defendant Daniel Semsak ("Semsak") is an adult resident of the State of Washington, last known by PWT to be residing at 4305 Harrison Street, Bellingham, Washington 98229, and is a former management employee of PWC.

## JURISDICTION AND VENUE

3. The Court has federal-question jurisdiction under 28 U.S.C. § 1331, by virtue of Plaintiff's claim alleging a violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§

COMPLAINT - 2
No.

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1832-1839.  18 U.S.C. § 1836(c) specifically provides for federal-court jurisdiction in this case.

4. The Court has supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a), as such claims form part of the same case or controversy under Article III of the United States Constitution.

5. The Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1).  The acts complained of within this Complaint occurred within the judicial district.

**FACTS**

6. PWT is a leading manufacturer of engineered wood products, specifically LVL and I-Joists.  PWT has national and international customer and distributor relationships, including long-tenured relationships.

7. Semsak worked for PWT in multiple high-level managerial and/or executive roles.  In September 2006, PWT hired Semsak as its Purchasing Manager and promoted him to the position of National Sales Manager in 2008.  In 2012, PWT promoted Semsak to the position of Vice President of Sales and Marketing and made him a company officer, positions he held until mid-2018 when he moved into his final PWT position of Northeast and Northwest Business Development Manager.

8. When Semsak began employment with PWT, and throughout such employment, he was subject to PWT policies pursuant to which he agreed that he would not inappropriately divulge or transmit any of PWT's confidential information or trade secrets.

9. While employed by PWT, Semsak was given high-level access to a wide variety of PWT's most confidential, proprietary, and trade secret information ("PWT Trade Secrets").  These PWT Trade Secrets include, but were not limited to, intellectual property related to PWT's new and developmental products; customer and sales information (including key contacts, order history and preferences, and other confidential customer information); pricing

COMPLAINT - 3
No.

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1  information and strategies; financial information and analyses; market competitive analyses;
2  business, sales, and marketing strategies; and operations information.  Semsak was given high-
3  level access to this information for the sole purpose of discharging his responsibilities for
4  PWT, up to and including when he resigned from PWT.

5       10.     On October 9, 2019, Semsak submitted his resignation from PWT employment
6  via a letter backdated to October 2, 2019.  His last date of actual PWT work, and his last date
7  on site at PWT, was October 11, 2019, and PWT paid him through the end of October.

8       11.     Shortly before Semsak's last date of actual PWT work, PWT's CEO, James
9  Enright, met with Semsak and unequivocally reminded Semsak of his obligations to return all
10 PWT property and to not misappropriate or use any PWT Trade Secrets.  Semsak falsely
11 assured Mr. Enright that he would never engage in that misconduct.

12      12.     Within days following Semsak's last date of work for PWT, PWT was informed
13 at a trade show by a former and still-targeted customer's representative that Semsak, while
14 working at that same trade show for PWT's competitor, had shared confidential PWT pricing
15 strategies involving current PWT customers, in an attempt to gain a competitive edge for his
16 new employer.

17      13.     On October 22, 2019, PWT, through its legal counsel, sent Semsak a cease and
18 desist letter regarding his unlawful misappropriation and misuse of PWT Trade Secrets, and
19 demanding that he immediately return all PWT property.  A true and correct copy of the
20 demand letter is attached hereto as Exhibit 1.

21      14.     In response, Semsak sent a written communication in which he once again lied
22 and attempted to cover up his trade-secret theft.  Specifically, on October 28, 2019, Semsak
23 sent a letter, followed shortly by a delivered flash drive, that he represented in writing
24 contained "all the written information related to [his PWT employment] (confidential or
25 otherwise) that remained in [his] possession after [his] resignation," save for some human
26 resources-related information.  A true and correct copy of the response letter is attached hereto

COMPLAINT - 4
No.

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

as Exhibit 2.

15. PWT retained an expert computer-forensics firm and discovered that Semsak had again lied. That expert investigation revealed that, during Semsak's last two weeks of work at PWT, Semsak downloaded sensitive PWT Trade Secrets onto multiple flash drives that Semsak took with him when he left PWT, including intellectual property related to PWT's new and developmental products; PWT customer and sales information (including key contacts, order history and preferences, and other confidential customer information); pricing information and strategies; financial information and analyses; market competitive analyses; business, sales, and marketing strategies; and operations information.

16. Semsak, upon information and belief, is undertaking other wrongful actions to benefit himself and/or PWT's competitor, to disrupt PWT's business and business opportunities and plans, and to cause market disruption.

17. Semsak took these PWT Trade Secrets without authorization and with the intent of using that information for his own benefit. PWT has demanded that Semsak return the PWT Trade Secrets that he stole from PWT, but Semsak has not done so.

18. The PWT Trade Secrets converted by Semsak were developed by PWT through significant effort and at a substantial cost for use in its business. This information is specialized, unique in nature, and of great value to PWT, and such information gives PWT a competitive advantage.

19. PWT took affirmative steps to maintain the confidentiality of all such information that were reasonable under the circumstances, including limiting access to its network to only users with valid login IDs and passwords. This information is not available to the general public.

**FIRST CAUSE OF ACTION**
**(Theft of Trade Secrets: Defend Trade Secrets Act, 18 U.S.C. § 1832, *et seq.*)**

20. Plaintiff repeats and realleges each allegation above as though set forth fully

COMPLAINT - 5
No.

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

herein.

21. The PWT Trade Secrets constitute trade secrets within the meaning of 18 U.S.C. § 1839(3) because they derive independent economic value as a result of not being generally known, and not being readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use.

22. Plaintiff has taken reasonable measures to protect the secrecy of the PWT Trade Secrets, including limiting access to individuals and entities subject to duties of confidence and with a need to know specific PWT Trade Secrets, restricting access to computer systems and physical locations where the PWT Trade Secrets are stored, and using passwords and physical security measures to restrict access to the PWT Trade Secrets.

23. Defendant's misappropriation of the PWT Trade Secrets was without PWT's permission.

24. Defendant's use and disclosure of the PWT Trade Secrets was against PWT's express instructions to Defendant.

25. PWT has suffered, is suffering, and will continue to suffer irreparable harm as a result of Defendant's misappropriation and ongoing possession, use, and/or disclosure of the PWT Trade Secrets. Upon information and belief, Defendant does not have the financial wherewithal to satisfy a monetary judgment for all of the damages suffered by PWT, such that PWT has no adequate remedy at law and is entitled to an injunction requiring return of and prohibiting any further use or disclosure of the PWT Trade Secrets or any information derived therefrom, pursuant to 18 U.S.C. § 1836(b)(3)(A).

26. Plaintiff is entitled to recover an award of damages for actual loss caused by Defendants' unauthorized misappropriation, disclosure, and/or use of the PWT Trade Secrets, including, but not limited to, lost market share and profits.

27. Plaintiff is further entitled to recover any unjust enrichment not already computed with actual loss that was received by Defendant as a result of Defendant's

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

unauthorized misappropriation, disclosure, and/or use of the PWT Trade Secrets.

28.  Because Defendant willfully and maliciously misappropriated the PWT Trade Secrets, PWT is entitled to recover an award of exemplary damages up to two times the sum of actual loss and unjust enrichment damages and an award of its attorney's fees pursuant to 18 U.S.C. § 1836(b)(3)(C)-(D).  Finally, Semsak has caused and will continue to cause serious and irreparable damage to PWT for which PWT is without adequate remedy at law.  PWT is entitled to an injunction preventing Semsak or anyone benefiting from his unlawful acts from continuing to possess, or use information derived from, the stolen PWT Trade Secrets.

## SECOND CAUSE OF ACTION
### (Misappropriation of Trade Secrets Under Chapter 19.108 RCW)

29.  Plaintiff realleges and incorporates all paragraphs of the Complaint as if fully set forth herein.

30.  Consequently, as a proximate result of Semsak's actions, Semsak, and possibly others, have reaped the benefits due solely to PWT, and have thereby been unjustly enriched.

31.  PWT has and is being damaged by Semsak's theft of its trade secrets.  The damage to PWT may include, but is not limited to, lost customers, potential lost business opportunities, loss of employees and potential employees, and a disadvantaged market position in the competitive interstate and international shipping and transportation market.  PWT will suffer additional irreparable damage unless Semsak is enjoined by this Court from his continued theft and use of PWT's trade secrets and reaping the benefits thereof.

32.  PWT is entitled to compensatory damages pursuant to RCW 19.108.030 in an amount to be determined at trial.  In light of the willfulness of Semsak's conduct, PWT is entitled to exemplary damages and its actual attorney's fees pursuant to RCW 19.108.030(2) and RCW 19.108.040.  Finally, Semsak has caused and will continue to cause serious and irreparable damage to PWT for which PWT is without adequate remedy at law.  PWT is thus entitled to an injunction preventing Semsak or anyone benefiting from his unlawful acts from

COMPLAINT - 7
No.

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

continuing to possess, or use information derived from, the stolen PWT Trade Secrets.

## THIRD CAUSE OF ACTION
### (Breach of Duties of Loyalty and Confidentiality)

33. PWT realleges and incorporates all paragraphs of the Complaint as if fully set forth herein.

34. As a high-level employee of PWT, Semsak owed certain common law and fiduciary duties to PWT, including, but not limited to, the duties of loyalty and confidentiality.

35. While employed by PWT, Semsak breached his duties of loyalty and confidentiality to PWT by, among other things, misappropriating PWT Trade Secrets against PWT's express instructions and in secret, with the intent of using such information to compete against and/or usurp opportunities belonging to PWT, and by undertaking the other wrongful acts described herein.

36. Each of Semsak's wrongful acts constitutes a breach of his duties of loyalty and/or confidentiality owed to PWT.

37. In committing the foregoing acts, Semsak acted willfully and wantonly, and with an utter indifference to PWT's rights.

38. Semsak did not disclose his adverse activities to PWT and subsequently lied about his activities to allow him to proceed further. As a direct and proximate result, PWT has suffered damage and loss in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Replevin)

39. Plaintiff realleges and incorporates all paragraphs of the Complaint as if fully set forth herein.

40. PWT is entitled to possession of the documents, data, electronic files, and information unlawfully taken from PWT's computer network by Semsak and held by Semsak, which rightfully belong to PWT.

COMPLAINT - 8
No.

104542709.1 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

41. The documents, data, electronic files, and information unlawfully taken from PWT's computer network by Semsak and held by Semsak are wrongfully being detained by Semsak, among other places, on computer(s) and flash drives in his possession, custody, or control and for the purpose of private gain and to cause harm to PWT.

42. The documents, data, electronic files, and information unlawfully taken from PWT's computer network by Semsak and held by Semsak have not been taken for a tax assessment or fine or seized under execution or attachment against the property of PWT.

43. The documents, data, electronic files, and information unlawfully taken from PWT's computer network by Semsak and held by Semsak have a value that is difficult to calculate, but in any event over $5,000.00.  PWT is entitled to the immediate return of its property.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PWT requests that this Court enter judgment against Semsak awarding:

1. A judgment against Defendant for injunctive and equitable relief;

2. A monetary judgment in an amount to be determined at trial;

3. An Order requiring Defendant to identify all persons and entities to whom he has disclosed PWT Trade Secrets, the date of such disclosure, and the method and means of disclosure;

4. An Order requiring Defendant to return to PWT all of the property rightfully belonging to PWT that is in Defendant's possession or under his control;

5. An Order enjoining Defendant from the continued possession, use, or disclosure of PWT Trade Secrets and other confidential information;

6. An Order requiring Defendant to return all documents, materials, computer folders and files, and other data or information stored in any form whatsoever that he obtained from PWT or by virtue of his employment at PWT;

COMPLAINT - 9
No.

104542709.1 0030424-00043

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

7. An Order requiring Defendant to make available to PWT or its representatives any computer hard-drive or other electronic storage device in Semsak's custody or control (work and personal) for PWT's inspection and examination;

8. Costs of suit, including attorney's fees under 18 U.S.C. § 1836(b)(3)(D) and RCW 19.108.040;

9. Exemplary damages under 18 U.S.C. § 1836(b)(3)(C) and RCW 19.108.030(2); and

10. Interest, costs, and such other relief as the Court may deem just and equitable.

|  |  |
|---|---|
| Dated this 4th day of December 2019 | **STOEL RIVES LLP**<br><br>By: *s/ James M. Shore*<br>James M. Shore, WSBA No. 28095<br>*s/ Reid E. McEllrath*<br>Reid E. McEllrath, WSBA No. 49668<br>600 University Street, Suite 3600<br>Seattle, WA 98101-4109<br>Telephone: (206) 386-7578<br>Facsimile: (206) 386-7500<br>jim.shore@stoel.com<br>reid.mcellrath@stoel.com<br><br>Marc A. Al (MN ID 247923) (*pro hac vice* petition to be submitted)<br>33 South Sixth Street, Suite 4200<br>Minneapolis, MN 55402<br>Telephone: (612) 373-8801<br>Facsimile: (612) 373-8881<br>marc.al@stoel.com<br><br>Attorneys for Plaintiff Pacific Woodtech Corporation |

COMPLAINT - 10
No.