

JAMES M. SHORE
*Direct (206) 386-7578*
jmshore@stoel.com

October 22, 2019

**VIA LEGAL MESSENGER AND E-MAIL (DAN.SEMSAK@GMAIL.COM)**

Dan Semsak
4305 Harrison St
Bellingham, WA 98229

**Re:    Your Post-Employment Legal Obligations to Pacific Woodtech Corrporation**

Dear Mr. Semsak:

This law firm represents your former employer, Pacific Woodtech Corporation ("PWC").

Effective October 11, 2019, you resigned from PWC after a lengthy PWC career in which you were provided high-level access to PWC's confidential and proprietary information and trade secrets, including, without limitation, pricing information, business strategies and customer data. Upon resigning, you went to work for Murphy Company ("Murphy"), a direct competitor of PWC.

Multiple PWC customers have confirmed that you are now inappropriately sharing confidential PWC information, including pricing information at a recent trade show in San Antonio Texas and otherwise in the course of your duties for PWC's direct competitor, Murphy.  This is unlawful conduct on your part and must cease immediately and permanently.

While a PWC employee, you signed acknowledgements in the PWC Employee Handbook recognizing and affirming your duties to maintain confidentiality with regard to PWC's proprietary information and trade secrets.  Moreover, your misconduct squarely constitutes misappropriation and misuse of proprietary and trade secret protected PWC information in violation of the Washington Uniform Trade Secrets Act ("UTSA").  You have continuing statutory duties under the UTSA concerning PWC's confidential and proprietary information and trade secrets.  These duties require you not to use or disclose PWC's confidential and proprietary information, such as, but not limited to, pricing information and customer related information or lists.  See *Nowogroski Insurance, Inc. v. Rucker*, 137 Wn.2d 427, 971 P.2d 936 (1999) (former employees, even in the absence of an agreement, have fiduciary duty not to use or disclose trade

Dan Semsak
October 22, 2009
Page 2

secrets learned in the course of employment); <u>see also</u> RCW 19.108 et seq.  This includes all confidential and proprietary information, in both written and memorized form.  *Id.*  Through your recent misconduct, you have subjected yourself and Murphy to potential legal action.

PWC demands that you immediately cease and desist from the above described activities.  In addition, please immediately return to PWC all confidential documents or other written information that you possess concerning its methods of doing business, customers, pricing, and any other property that belongs to PWC.  **Your failure to do so, and to otherwise provide written assurances to me by noon on October 31, 2019, that you shall cease and desist from using or sharing PWC's confidential and proprietary information and trade secrets, will lead to legal action by PWC against you, and possibly against Murphy.**  This in turn will subject you and Murphy to potential damages and any other form of legal or equitable relief that may be awarded to PWC.  Under applicable law and your Agreement, PWC may gain injunctive relief and monetary damages, including, but not limited to, penalty damages and attorney's fees for violations of the UTSA and the Agreement.

Thank you for your prompt attention to this matter.  Please contact me or have your attorney contact me by no later than 5 PM on October 31, 2019, concerning your compliance with this letter.  PWC also reserves the right to forward this letter to Murphy to ensure your compliance with your post-employment legal obligations to PWC, inasmuch as your actions have also created potential serious legal implications for Murphy.

Sincerely,

James M. Shore

104053103.1 0030424-00018