Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC WOODTECH CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL SEMSAK, an individual,<br><br>Defendant. | No. 2:19-cv-01984 BJR<br><br>**STIPULATED PERMANENT INJUNCTION** |

1.    On December 6, 2019, the Court entered a temporary protective order enjoining Defendant from disclosing or using Plaintiff's confidential information and trade secrets and requiring Defendant and Murphy Company to preserve all evidence in whatever form currently available related to Defendant's confidential information. ECF No. 11.

2.    The parties agreed to the extension of the terms of the temporary protective order in the form of a temporary injunction while they negotiated the protocol for the inspection of Defendant's home and work computers. On December 17, 2019, the Court converted the temporary restraining order to a temporary injunction under Federal Rule of Civil Procedure 65(a) and ordered it to continue in effect until January 31, 2020. ECF No. 22. The Court

STIPULATED PERMANENT INJUNCTION - 1
(Cause No. 2:19-cv-01984 BJR)

107104918.4 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

continued the temporary injunction on several occasions, and now enters this stipulated permanent injunction as part of a settlement of this matter. Pursuant to the parties' settlement agreement, entry of this injunction is not and shall not be construed as an admission of liability by any party.

3. While Murphy Company is not a party to the underlying action, it was included as a party to the parties' settlement agreement and release and has stipulated to entry of this Order.

4. Defendant Daniel Semsak and Murphy Company are permanently enjoined from disclosing or using any confidential information belonging to Plaintiff that was or may have been in Semsak's possession at the time of his departure from Plaintiff Pacific Woodtech Corporation. Any data that Defendant Semsak and/or Murphy Company claim is equally available via lawfully public means shall be obtained by them only from such public sources.

5. Within thirty (30) days of execution of the settlement agreement by all parties thereto, Semsak, in collaboration with his counsel and the Court-appointed Special Master, shall ensure that all Electronic Devices, as that term is used in the Court's March 9, 2020, Stipulated Order Governing Discovery of Electronically Stored Information (ECF 33) ("the March 9 Order"), are either destroyed or permanently rendered free of any ESI (as that term is used in the March 9 Order) that contains PWT information. Semsak shall certify completion of his obligations under this paragraph to Plaintiff's counsel in writing and under oath within five (5) days thereafter.

6. The Court shall retain jurisdiction to enforce this injunction for a period of five years. In any action to enforce this injunction, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs from the losing party.

Dated this 13th day of July, 2020.

_The Honorable Barbara J. Rothstein_

STIPULATED PERMANENT INJUNCTION - 2
(Cause No. 2:19-cv-01984 BJR)

107104918.4 0030424-00043

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900